Raymond D. McElfish, Esq. (SBN 224390)
Tara Heckard-Bryant, Esq. (SBN 212534)
**MCELFISH LAW FIRM**
1112 N. Sherbourne Drive
West Hollywood, CA 90069
Telephone: (310) 659-4900
Facsimile: (310) 659-4926

Jeffrey L. Geren, Esq. (SBN 73777)
**LAW OFFICES OF JEFFREY L. GEREN
& ASSOCIATES, APC**
15915 Ventura Blvd., Penthouse 4
Encino, CA 91436
Telephone: (818) 986-2555

Attorneys for Plaintiffs, LORENA SANDOVAL, and ISABEL SANDOVAL

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA AT LOS ANGELES

| | |
|---|---|
| LORENA SANDOVAL, individually and as successor-in-interest to OSCAR SANDOVAL, DECEDENT; ISABEL SANDOVAL, a minor by her Guardian Ad Litem LORENA SANDOVAL<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; POLICE CHIEF MICHAEL MOORE, , POLICE OFFICER MATT MATZKIN; POLICE OFFICER STEVE NORRIS; POLICE OFFICER PETER TULAGAN; POLICE OFFICER ALVARADO CARLOS; and DOES 1-100, Inclusive,<br><br>Defendants. | Case No.: 18CV10715<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF TITLE 42, UNITED STATES CODE, SECTION 1983 – EXCESSIVE FORCE**<br>2. **VIOLATION OF TITLE 42, UNITED STATES CODE, SECTION 1983 – ILLEGAL SEARCH AND SEIZURE**<br>3. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**<br>4. **BATTERY (Wrongful Death)**<br>5. **NEGLIGENCE (Wrongful Death)**<br><br>**DEMAND FOR JURY TRIAL** |

## **FEDERAL COMPLAINT WITH JURY DEMAND**

NOW COMES the above-named Plaintiffs LORENA SANDOVAL, individually and as successor-in-interest to OSCAR SANDOVAL, DECEDENT; ISABEL SANDOVAL, a minor by her Guardian Ad Litem LORENA SANDOVAL, and successor-in-interest, by and through attorney Raymond D. McElfish, Esq., and for the causes of action against the above-named Defendants, Plaintiff alleges and shows claims for relief as follows:

1. This is a federal civil rights action under the Fourth and Fourteenth Amendments to the Constitution of the United States and Title 42 of the United States Code, Section 1983. Plaintiff brings this action to obtain compensatory damages, punitive damages, attorney's fees and costs, and equitable relief for the serious personal injuries resulting in the death of Oscar Sandoval, who was unlawfully subjected to excessive force when he was shot and killed December 30, 2017 by Defendants, POLICE OFFICER MATT MATZKIN; POLICE OFFICER STEVE NORRIS; POLICE OFFICER PETER TULAGAN; POLICE OFFICER ALVARADO CARLOS. The conduct of the Defendants and the constitutional violations suffered by Oscar Sandoval, occurred as a direct result of the unconstitutional policies of the LOS ANGELES Police Department, LOS ANGELES, California, and their agents.

## **JURISDICTION**

2. This action arises under the Fourth and Fourteenth Amendments of the United States Constitution and Title 42 of the United States Code, Section 1983. Jurisdiction of this Court is conferred by Title 28 of the United States Code, Sections 1331 and 1343(a)(3) and (4). This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. §1367(a), because those claims re so related to the

federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

3. The Central District of California is the proper federal venue for this action, pursuant to title 28 of the United States Code, Section 1391 (b) because it is the judicial district where the constitutional rights violations of Oscar Sandoval were committed.

## PARTIES

4. That Oscar Sandoval (DECEDENT) at all times material hereto, was a permanent resident of the City of Winnetka, State of California and had attained the age of majority.

5. That LORENA SANDOVAL, the wife of Oscar Sandoval, is a resident of City of Winnetka, California. LORENA SANDOVAL sues both in her individual capacity as the mother of DECEDENT, and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure §377.60. LORENA SANDOVAL seeks both survival and wrongful death damages under federal and state law.

6. That ISABEL SANDOVAL, the biological daughter of DECEDENT Oscar Sandoval, a minor, and successor in interest, is a resident of the City of Winnetka. LORENA SANDOVAL stands as the GUARDIAN AD LITEM for minor ISABEL SANDOVAL.

7. That Defendant, CITY OF LOS ANGELES ("LOS ANGELES"), at all times material hereto, is and was a municipal corporation, organized and existing under the laws of the State of California, whose principal offices are located at 200 North Spring Street, Los Angeles, CA 90012.

LOS ANGELES is responsible for the actions, omissions, policies, procedures, practices, and customs, of its various agents and agencies. It is also a governmental agency responsible for the actions of its subdivision, Defendant, LOS ANGELES POLICE DEPARTMENT ("LAPD"), and its agents and employees. At all times material hereto, Defendant LOS ANGELES was responsible for assuring the actions, omissions, policies, procedures, practices and customs of the LAPD and its employees and agents complied with the laws of the United States and the State of California. At all relevant times, LOS ANGELES was the employer of DOES 1-100.

8. That Defendants, POLICE CHIEF, MICHAEL MOORE ("MOORE"), POLICE OFFICER MATT MATZKIN; POLICE OFFICER STEVE NORRIS; POLICE OFFICER PETER TULAGAN; POLICE OFFICER ALVARADO CARLOS ("OFFICERS") and DOES 1-100, Inclusive, at all times material hereto, were adult residents of the State of California, and were employees of the Defendants, LAPD and LOS ANGELES. That at all times material hereto Defendants, MOORE, OFFICERS, and DOES 1-100, Inclusive, were acting under color of state law, were carrying out their duties as officers for Defendant, LAPD, as employees, and were acting within the course and scope of their employment with Defendant, LOS ANGELES. At all times material herein, Defendants MOORE and OFFICERS were acting with the complete authority and ratification of their principal Defendant LOS ANGELES. They are being sued in their official and individual capacities.

9. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants, DOES 1-100, Inclusive, are at this time unknown to Plaintiffs who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege

that each of the Defendants designated herein by a fictitious name is in some way negligent or responsible for the events and happenings herein referred to which proximately resulted in those injuries and damages to the Plaintiffs as herein alleged.

10. Plaintiffs are informed and believe, and upon such information and belief, allege that at all times herein mentioned, Defendants, and each of them, were acting as the agents, servants, and/or employees of the other named Defendants, and were within the course and scope of their employment and with the full knowledge and consent of each of the other named Defendants. At all times mentioned herein, each and every Defendant had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant. Each Defendant subsequently ratified and condoned the conduct of each remaining Defendants.

## GENERAL ALLEGATIONS

11. Plaintiffs LORENA SANDOVAL and ISABEL SANDOVAL repeats and re-alleges each and every allegation in paragraphs 1 through 10 of this Complaint with the same force and effect as if fully set forth herein.

12. That on December 30, 2017 at approximately 7:20 P.M. Defendant OFFICERS, of the Topanga Division of the LAPD and Gang Enforcement Detail officers were sent to 6900 Oakdale Avenue, Winnetka, California, having been dispatched after a call was made to the LAPD regarding a domestic disturbance.

13. At all relevant times DECEDENT did not pose a threat of death to himself or to anyone else including Defendant OFFICERS, and other officers on the scene, DOES 1-100.

14. That Defendants, POLICE OFFICER MATT MATZKIN; POLICE OFFICER STEVE NORRIS; POLICE OFFICER PETER TULAGAN; POLICE OFFICER ALVARADO CARLOS, and DOES 1-100, repeatedly shot at Oscar Sandoval, killing him on the scene. Defendants, OFFICERS contend that Oscar Sandoval had a weapon and discharged it toward officers. There is no evidence of any weapon being used by Oscar Sandoval, towards officers.

15. That Defendants, POLICE OFFICER MATT MATZKIN; POLICE OFFICER STEVE NORRIS; POLICE OFFICER PETER TULAGAN; POLICE OFFICER ALVARADO CARLOS OSKOVICH, and DOES 1-100, never had any crisis intervention training.

16. That the LAPD, on December 30, 2017, had no training program, or had an ineffective training program, for crisis intervention.

17. That the Defendant, MOORE, did or should have known that the first responding police officers lacked sufficient training and experience with persons with mental illness.

18. Plaintiffs LORENA SANDOVAL, and ISABEL SANDOVAL are DECEDENT'S successors-in-interest as defined by Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT'S interest in this action as the wife and daughter of DECEDENT.

19. Plaintiffs incurred funeral and burial expenses as a result of Defendants' misconduct. Plaintiffs relied on the DECEDENT for sustenance and financial support.

///
///
///
///
///

## **CUSTOM, PRACTICE AND POLICY**

20. The unconstitutional acts and/or omissions of the individual police officer(s), on information and belief, were pursuant to the following customs, policies, practices and/or procedures of the Defendants, LOS ANGELES and LAPD and its police chief, Defendant, MOORE, as follows:

   a. To use, tolerate or instruct the use of excessive and/or unjustified force; .
   b. To engage in or tolerate unreasonable seizures and restraints;
   c. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning, stops, arrests, and the use of force, including but not limited to discharging a weapon;
   d. To fail to use appropriate and generally accepted law enforcement procedures for handling mentally ill and/or emotionally disturbed people, such as Oscar Sandoval;
   e. To fail to institute, require, and enforce proper and adequate training, supervision, policies and procedures concerning handling mentally ill and/or emotionally disturbed people, such as Oscar Sandoval;
   f. To hide or cover up violations of constitutional rights by any of the following:
      i. By failing to properly investigate and/or evaluate complaints or incidents of excessive or unreasonable force, unlawful seizures and/or concerning handling mentally ill and/or emotionally disturbed people, such as Oscar Sandoval;
      ii. By ignoring and/or failing to properly investigate and/or discipline unconstitutional or unlawful law enforcement activity; and
      iii. By allowing, tolerating, and/or encouraging law enforcement officers to fail to file complete and accurate reports; file false

    reports; make false statements; collude in report writing; and/or obstruct or interfere with investigations of unconstitutional or unlawful law enforcement conduct by withholding and/or concealing material information; and

  iv. To allow, tolerate, and/or encourage a 'code of silence' among law enforcement officers and police department personnel, whereby an officer or member of the police department does not provide adverse information against a fellow or member of the department;

21. Defendants, LOS ANGELES, LAPD and MOORE, failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline the individual officer(s) involved herein, with deliberate indifference to Oscar Sandoval's constitutional rights;

22. Defendants, LOS ANGELES and LAPD, had and were using improper training and techniques for subduing individual suspected of felony crimes.

23. It is the custom, practice and policy of Defendants, LOS ANGELES, LAPD and MOORE, and DOES 1 – 100, Inclusive, to inadequately and improperly investigate complaints of police misconduct, thereby directly and/or indirectly endorsing and encouraging such actions.

24. Plaintiff is informed and believes that, despite numerous complaints that Defendants, LOS ANGELES and LAPD, officers were using excessive force upon citizens, Defendant, MOORE, has not properly investigated or disciplined officers based upon a citizen's complaint of excessive force. This custom, practice and/or policy condones, ratifies, supports and encourages the improper, unnecessary, and/or excessive use of force by officers employed by Defendants, LOS ANGELES and LAPD, and under Defendant, MOORE's command.

25. Plaintiff is informed and believes it is the custom, practice and/or policy of Defendants, LOS ANGELES, LAPD and MOORE, and DOES 1-100, Inclusive, not to monitor or track the number of times officers under its/his command are accused of using excessive force. They do not keep statistics on individual officers. This custom, practice and/or policy condones, ratifies, supports and encourages the improper, unnecessary, and/or excessive use of force by Defendants, LOS ANGELES and LAPD, officers under Defendant, MOORE's, command.

26. Notwithstanding knowledge on the part of Defendants, LOS ANGELES, LAPD and MOORE, that their officer(s) injured and killed Oscar Sandoval, and violated his rights by engaging in the activities alleged above, Defendants, LOS ANGELES, LAPD and MOORE, have expressed an affirmative agreement with the individual Defendants, POLICE OFFICER MATT MATZKIN; POLICE OFFICER STEVE NORRIS; POLICE OFFICER PETER TULAGAN; POLICE OFFICER ALVARADO CARLOS BOSKVITCH, and DOES 1-100, Inclusive, actions and have ratified the unconstitutional and unlawful acts by the individual Defendant officers.

## CLAIMS PROCEDURE

27. Plaintiff has made the necessary claims pursuant to California *Government Code* Section 910, to preserve the state causes of action set forth below.

///
///
///
///
///

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF TITLE 42, UNITED STATES CODE, SECTION 1983 – EXCESSIVE FORCE
### (Against ALL Defendants and DOES 1 – 100, Inclusive)

28. Plaintiff restates, re-alleges and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 27 as though fully set forth herein.

29. That Oscar Sandoval has a constitutionally protected right, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, not to be unlawfully, detained, arrested, shot and killed.

30. That as set forth in the preceding paragraphs, these Defendants, POLICE OFFICER MATT MATZKIN; POLICE OFFICER STEVE NORRIS; POLICE OFFICER PETER TULAGAN; POLICE OFFICER ALVARADO CARLOS BOSKVITCH, and DOES 1-100, unlawfully shot and killed Oscar Sandoval.

31. That the Defendants acted under color of state law, and operated as is their custom and practice in the scope of their employment.

32. That Defendants unlawfully shot and killed OSCAR SANDOVAL, contrary to the Fourth and Fourteenth Amendments to the United States Constitution, and with the use of excessive force.

33. As a proximate result of Defendants' acts or omissions, Oscar Sandoval, was seriously injured after being shot and died as a result of his injuries, on the scene.

34. As a direct and legal result of the acts or omissions, gross negligence, carelessness, recklessness and/or other tortious conduct of Defendants, DOES 1 – 100, Inclusive, and each of them, Plaintiffs suffered

and will continue to suffer extreme and severe distress, pain, anguish, and other economic and non-economic damages in amounts to be proved at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF TITLE 42, UNITED STATES CODE, SECTION 1983 – ILLEGAL SEARCH AND SEIZURE
### (Against ALL Defendants and DOES 1 – 100, Inclusive)

35. Plaintiffs restate, re-allege and incorporate herein by reference, each and every allegation contained in paragraphs 1 through 34 as though fully set forth herein.

36. That Oscar Sandoval has a constitutionally protected right, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, not to be unlawfully, detained, arrested, shot and killed.

37. That as set forth in the preceding paragraphs, these Defendants, including, POLICE OFFICER MATT MATZKIN; POLICE OFFICER STEVE NORRIS; POLICE OFFICER PETER TULAGAN; POLICE OFFICER ALVARADO CARLOS BOSKVITCH, and DOES 1-100, unlawfully detained, shot and killed Oscar Sandoval.

38. That the Defendants acted under color of state law, custom and practice.

39. The conduct of the Defendants, and DOES 1-100, Inclusive, deprived Oscar Sandoval of the right to be secure in his person and effects of unreasonable search and seizure as secured by the Fourth Amendment to the Constitution of the United States.

40. The Defendants, including DOES 1-100, Inclusive, knowingly and willfully conspired and agreed among themselves to violate Oscar Sandoval's rights.

41. As a direct and legal result of the acts or omissions, gross negligence, carelessness, recklessness and/or other tortious conduct of Defendants, DOES 1 – 100, Inclusive, and each of them, Plaintiffs suffered and will continue to suffer extreme and severe distress, pain, anguish, and other economic and non-economic damages in amounts to be proved at trial.

## THIRD CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Against ALL Defendants and DOES 1 – 100, Inclusive)

42. Plaintiff restates, re-alleges and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 41 as though fully set forth herein.

43. The conduct of the Defendants, DOES 1-100, Inclusive, caused Plaintiffs to suffer mental anguish, as well as emotional and physical distress. Defendants are liable for this cause of action for committing a breach and for violating the allegations in paragraphs 1-41 of this Complaint.

44. The conduct of the Defendants, DOES 1-100, Inclusive, was so severe and outrageous that as a proximate result, Plaintiffs suffered mental anguish, as well as emotional and physical distress. Plaintiffs have exhibited manifestations of the mental anguish and emotional distress, including, but not limited to, sleeplessness, anxiety, nightmares, ruminating of the events, and/or crying.

45. The Defendants, DOES 1-100, Inclusive, and each of them, knowingly and willfully conspired and agreed among themselves to act in such a manner that Plaintiff will be caused to suffer emotional distress.

46. As a direct and legal result of the acts or omissions, gross negligence, carelessness, recklessness and/or other tortious conduct of Defendants, DOES 1 – 100, Inclusive, and each of them, Plaintiffs suffered and will continue to suffer extreme and severe distress, pain, anguish, and other economic and non-economic damages in amounts to be proved at trial.

## FOURTH CAUSE OF ACTION
## BATTERY
## (Wrongful Death)
## (Against ALL Defendants and DOES 1 – 100, Inclusive)

47. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 46 of this Complaint with the same force and effect as if fully set forth herein.

48. Defendants POLICE OFFICER MATT MATZKIN; POLICE OFFICER STEVE NORRIS; POLICE OFFICER PETER TULAGAN; POLICE OFFICER ALVARADO CARLOS ("OFFICERS") and DOES 1-100, while working as officers for the LAPD, and acting within the course and scope of their duties, intentionally shot DECEDENT multiple times, without warning, and used unreasonable and excessive force against him. As a result of the actions of OFFICERS, and DOES 1-100, DECENDENT suffered severe pain and suffering and ultimately died from his injuries on the scene. DOE OFFICERS had no legal justification for using such force against DECENDENT, and their use of force, while carrying out their duties as police officers was an unreasonable and unprivileged use of force.

49. As a direct and proximate result of the conduct of OFFICERS and DOES 1-100, as alleged above, DECEDENT sustained injuries, died

from his injuries and also lost his earning capacity. As a direct and proximate result of the conduct of OFFICERS and DOES 1-100, DECEDENT suffered survival damages pursuant to Code of Civil Procedure Section 377.34.

50. LOS ANGELES is vicariously liable for the wrongful acts of Defendant OFFICERS and DOES 1-100 pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employees act would subject him or her to liability.

51. The conduct of Defendant OFFICERS and DOES 1-100 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs individually and as successors-in-interest to DECEDENT, an award of exemplary and punitive damages as to Defendants OFFICERS and DOES 1-100. Plaintiffs bring this claim as successors-in-interest to DECEDENT, and seek both survival and wrongful death damages under this claim.

## FIFTH CAUSE OF ACTION
## NEGLIGENCE
### (Wrongful Death)
### (Against ALL Defendants and DOES 1 – 100, Inclusive)

52. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 51 of this Complaint with the same force and effect is if fully set forth herein.

53. Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings,

and not using any force unless necessary, using less than lethal options, and only suing deadly force as a last resort.

54. Defendants DOES 1-100 breached this duty of care. Upon information and belief, the actions and inactions of Defendants DOES 1-100 were negligent and reckless, including but not limited to:

    (a) Failure to properly and adequately assess the need to detain, arrest, and use of force or deadly force against DECEDENT;

    (b) The negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

    (c) The negligent use of force, including deadly force, against DECEDENT;

    (d) The failure to provide prompt medical care to DECEDENT;

    (e) The failure to properly train and supervise employees, both professional and non-professional, including OFFICERS and DOES 1-100

    (f) The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

    (g) The negligent handling of evidence and witnesses; and

    (h) The negligent communication of information during the incident, and failure to warn.

55. As a direct and proximate result of Defendants' conduct, including POLICE OFFICER MATT MATZKIN; POLICE OFFICER STEVE NORRIS; POLICE OFFICER PETER TULAGAN; POLICE OFFICER ALVARADO CARLOS, and DOES 1-100 as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs

suffered emotional distress and mental anguish. Plaintiffs also have been deprived of life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT and will continue to be so deprived for the remainder of their natural lives.

56. LOS ANGELES is vicariously liable for the wrongful acts of DOES 1-100, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employees act would subject him or her to liability.

57. Plaintiff brings this claim as a successor-in-interest to DECEDENT and seeks wrongful death damages under this claim.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, DOES 1 – 100, Inclusive, and each of them, as follows:

1. For general damages in an amount which will conform to proof at the time of trial as to Plaintiffs, LORENA SANDOVAL, individually and as and ISABEL SANDOVAL;
2. Special damages, including past and future medical and other incidental expenses incurred by and on behalf of Plaintiffs, LORENA SANDOVAL, and ISABEL SANDOVAL according to proof at trial;
3. For funeral and burial expenses, and loss of financial support;
4. For punitive damages against the individual defendants in an amount to be proven at trial;
5. For statutory damages;
6. Costs of suit incurred herein; and
7. For such other and further relief as the Court may deem just and proper.

Dated: December 26, 2018          MCELFISH LAW FIRM

By: _____
Raymond D. McElfish, Esq.
Tara Heckard-Bryant, Esq.
Attorneys for Plaintiffs,
LORENA SANDOVAL, and
ISABEL SANDOVAL

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues which may be tried by a jury.

Dated: December 26, 2018          MCELFISH LAW FIRM

By: _____
Raymond D. McElfish, Esq.
Tara Heckard-Bryant Esq.
Attorneys for Plaintiffs,
LORENA SANDOVAL and
ISABEL SANDOVAL