JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENA SANDOVAL, *et al.*,<br><br>             Plaintiffs,<br><br>    v.<br><br>CITY OF LOS ANGELES, *et al.*,<br><br>             Defendants. | Case No. 2:18-cv-10715-FLA (PLAx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF MINOR'S COMPROMISE [DKT. 73]** |

## RULING

Before the court is Plaintiff Lorena Sandoval's ("Plaintiff" or "Lorena") Motion for Order Approving Compromise of Minor's Claim ("Motion"). Dkt. 73 at 1 ("Mot."). Lorena Sandoval brings the motion individually and as guardian ad litem for Plaintiff Isabel Sandoval a/k/a Isabella Sandoval ("Isabella"). *Id.* at 2. Defendant City of Los Angeles ("Defendant" or the "City of Los Angeles") does not oppose the Motion. For the reasons set forth below, the court GRANTS Plaintiff's Motion.

/ / /

/ / /

/ / /

1

## DISCUSSION

I. **Legal Standard**

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Fed. R. Civ. P. 17(c) provides, in relevant part, that a district court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). "[T]he district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id*. at 1182.

While the Ninth Circuit limited its holding in *Robidoux* to cases involving the settlement of a minor's federal claims, district courts have applied the *Robidoux* standard to cases involving the settlement of both federal and state claims. *See J.R. v. Lakeport Unified Sch. Dist.*, No. 3:18-cv-06211-WHA, 2019 WL 6219034, at *2 (N.D. Cal. Nov. 21, 2019).

II. **Analysis**

Plaintiff seeks the court's approval of the compromise of claims by her minor daughter, Plaintiff Isabella, as part of a settlement of the instant wrongful death suit brought under 42 U.S.C. § 1983. Mot. 1-2; *see generally* Dkt. 1 ("Compl."). According to Plaintiffs' counsel, Philip J. Kaplan ("Kaplan"), Isabella's father, Oscar Sandoval ("Oscar"), was killed by gunshots fired by Los Angeles Police Department officers on the evening of December 30, 2017. Dkt. 73 at 11 ("Kaplan Decl."), ¶¶ 18-22.

The total settlement amount offered by the City of Los Angeles is $995,000, with Lorena to receive gross settlement proceeds of $725,000 and Isabella to receive gross settlement proceeds of $270,000. Mot. 4. Lorena is to pay a 40% contingency fee on her allocation of the settlement proceeds, for attorney's fees of $290,000, as well as $26,031.87 in costs. *Id.* Isabella is to pay a 25% contingency fee on her allocation of the settlement proceeds, for attorney's fees of $67,500. Mot. 4-5. Accordingly, the net payment to Isabella is $202,500, which is to be used to purchase a structed settlement annuity with Metropolitan Tower Life Insurance Company, with periodic payments of $43,462.62 annually, guaranteed for five years, beginning on July 1, 2026, with the last payment to be made on July 1, 2030. *Id.* Plaintiff states the settlement is structured in this fashion so Isabella will receive these funds when she turns eighteen, in the hope that they may be used for her college education. *Id.* at 6. In light of these facts and considering Isabella's specific claim and recoveries in similar cases, the court finds that the proposed net recovery for Isabella is "fair and reasonable." *See Robidoux*, 638 F.3d at 1181.

The court further finds that the proposed attorney's fees and allocation of expenses are reasonable. Plaintiffs' counsel, Kaplan, attests he has expended significant time and energy working on this action, including requesting and reviewing discovery, hiring expert witnesses, attending mediation, taking depositions, and personally visiting the Sandoval home on several occasions. Kaplan Decl. ¶¶ 14-17. The Retainer Agreement Lorena entered into with Kaplan provided for a contingency fee of forty percent. *Id.* ¶ 13. However, Kaplan has lowered his contingency fee with regard to Isabella's allocation of the settlement to twenty-five percent, to be consistent with common practice in the Central District of California. *Id.* ¶ 30. Furthermore, the litigation costs of $26,031.87 are to be paid solely from Lorena's share. *Id.* ¶ 31. The proposed attorney's fees and costs are reasonable in light of the resources expended litigating this action and resulting net payment to Isabella.

3

Accordingly, the court APPROVES the compromise of Isabella's claim.

## **CONCLUSION**

For the foregoing reasons, the court GRANTS the Motion and ORDERS as follows:

1. The court APPROVES the parties' compromise of Isabella's claim for the gross settlement amount of $270,000.

2. The court APPROVES payment of attorney's fees from Isabella's gross settlement in the amount of $67,500, which represents a contingency fee of 25% of her total recovery.

3. Defendant City of Los Angeles shall pay $202,500.00 to MetLife Assignment Company, Inc. to provide periodic payments as set forth in Dkt. 73 at 54, Ex. D (Attachment to Order Approving Settlement for Isabella Sandoval). The annuity will pay $43,462.62 to Isabella Sandoval annually, beginning July 1, 2026, with the last payment to be made on July 1, 2030.

4. Defendant City of Los Angeles, through counsel, shall prepare and deliver the remaining amount of $792,500 to: "LAW OFFICES OF PHILIP J. KAPLAN Client Trust Account, LAW OFFICES OF JEFFREY L. GEREN AND ASSOCIATES Client Trust Account, and LORENA SANDOVAL AND ISABELLA SANDOVAL." *See* Dkt. 73 at 23, 30.

5. All sums and periodic payments set forth in this Order hereto constitute damages on account of personal injuries or illness, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

6. Defendant City of Los Angeles will make a "qualified assignment" within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, to Assignee MetLife Assignment Company, Inc.

7. Assignee shall be the owner of the annuity policy or policies and shall have all rights of ownership.

8. The Assignee shall have the Annuity Carrier mail payments directly to Plaintiffs Lorena and Isabella Sandoval.

9. In light of the court's approval of the parties' settlement, the court DISMISSES the action without prejudice. The court retains jurisdiction to vacate this Order and to reopen the action within 60 days from the date of this Order, provided any request by a party to do so shall make a showing of good cause as to why the settlement has not been completed within the 60-day period, what further settlement processes are necessary, and when the party making such a request reasonably expects the process to be concluded.

10. This Order does not preclude the filing of a stipulation of dismissal with prejudice pursuant to Fed. R. Civ. P. 41, which does not require approval of the court. Such stipulation shall be filed within the aforementioned 60-day period, or by such later date ordered by the court pursuant to a stipulation by the parties that conforms to the requirements of a showing of good cause stated above.

IT IS SO ORDERED.

Dated: August 8, 2022

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge